RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
AIM IP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| AIM IP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC., a California corporation; HEWLETT-PACKARD COMPANY, a Delaware corporation; AVAYA INC., a Delaware corporation; D-LINK SYSTEMS, INC., a California corporation; SKYPE TECHNOLOGIES S.A., a Luxembourg corporation; SKYPE, INC., a California corporation; SONUS NETWORK, INC., a Delaware corporation; GRANDSTREAM NETWORKS, INC., a Delaware corporation; MITEL NETWORKS CORPORATION, a Canadian corporation; and HELLOSOFT, INC, a Delaware corporation.<br><br>Defendants. | Case No. 8:11-cv-00533-RNB<br><br>**PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE** |

## I. INTRODUCTION AND BACKGROUND

In response to the Court's August 8, 2011 Order to Show Cause, AIM IP, LLC ("AIM") submits that good cause exists for why service of the Complaint was not completed within the 120-day period. AIM filed the Complaint on April 6, 2011, but did not immediately serve defendants to maximize the opportunity to discuss an amicable resolution and to save the costs of service. AIM began having settlement discussions with all the Defendants shortly thereafter. Giza Decl. ¶ 3. In fact, AIM has successfully reached agreement to dismiss several of the Defendants, resulting in the noticed dismissals. See D.I. 5-6, 8-10. Negotiations with the remaining five Defendants have progressed, but have not reached fruition yet. To save costs, AIM requested that each of the remaining five Defendants accept service via electronic mail. All agreed, but one Defendant requested that the parties proceed under Fed. R. Civ. P. 4(d). Giza Decl. ¶ 4, Exh. 1. AIM agreed and accordingly sent the waiver form along with the materials enumerated in Fed. R. Civ. 4(d) to the remaining Defendants on August 4, 2011, and have received executed waiver forms from three of the five remaining Defendants already. Giza Decl. ¶ 5, Exh. 2. AIM has filed the executed waiver forms with the Court upon receipt and will continue to do so. See D.I. 14-16. AIM anticipates that the remaining waiver forms will be received shortly and the litigation will progress in a timely fashion under Rule 4(d)(3). AIM respectfully submits that it has appropriately pursued this litigation, including making on-going attempts to resolve the disputes without Court intervention, and the Court should find good cause exists to allow this litigation to proceed.

## II. GOOD CAUSE EXISTS TO PRECLUDE DISMISSAL

As the Court indicated in its August 8, 2011 Order, the Federal Rules of Civil Procedure, Rule 4(m) provides that if the plaintiff shows good cause for the delay in service beyond 120 days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Ninth Circuit recognizes that

2
PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE

"[Fed. R. Civ. P. 4(m)] *permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir. 2007). A plaintiff may demonstrate good cause "by establishing, at a minimum, excusable neglect." *Lemoge v. United States,* 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). In determining whether good cause exists, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw,* 473 F.3d at 1041. Additionally, "district courts have broad discretion to extend time for service under Rule 4(m)." *Id.* at 1040. Further, a district court has discretion to extend time retroactively. *See Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir. 2003).

Good cause exists for why service of the Complaint was not completed within the 120-day period. AIM is a small technology licensing company in the field of electronic signal compression. AIM is the assignee of United States Patent No. 5,920,853, and it works with the inventor Eyal Shlomot and informally with inventors Adil Benyassine, and Huan-Yu Su, all from the Santa Ana area. The patented technology was originally developed by the inventors at Rockwell International Corporation in Newport Beach. The patented technology is incorporated in the International Telecommunication Union (ITU) G.729 standard, which is commonly used for audio compression in VOIP telephones. Befitting its technology background, AIM seeks to license its intellectual property for a reasonable royalty, as provided for by statute (35 U.S.C. § 284), without resorting to scorched-earth litigation. Accordingly, it has attempted to negotiate appropriate licenses with the Defendants and to minimize costs.

Shortly after filing the complaint on April 6, 2011, AIM notified all the Defendants of the lawsuit, but did not immediately formally serve the complaint in order to preserve a positive negotiation position and to minimize costs. Giza Decl. ¶ 3. AIM engaged the Defendants in settlement discussions, which have now progressed through preliminary stages. Giza Decl. ¶ 4. In fact, AIM successfully

PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE

reached agreement to dismiss several of the Defendants before the August 4, 2011 deadline. These Defendants have been dismissed from the case. (D.I. 5-6, 8-10).

Negotiations with the remaining five Defendants continued. As part of this dialogue, AIM requested that each of the remaining five Defendants accept service via electronic mail. All agreed, but one Defendant (Sonus Network, Inc.) requested that AIM not serve until August 4 and another Defendant (Skype, Inc.) requested that the parties proceed under Fed. R. Civ. P. 4(d). Giza Decl. ¶ 4, Exh. 1. AIM agreed to both requests and sent the waiver form and the materials enumerated in Fed. R. Civ. P. 4(d) to the remaining Defendants on August 4, 2011. Giza Decl. ¶ 5, Exh. 2. Defendants Sonus Network, Inc., Grandstream Networks, Inc., and Cisco Systems, Inc. have executed and returned their waiver forms, and AIM has filed these with the Court. D.I. 14-16. AIM expects to receive and file the two other waiver forms by the September 3, 2011 deadline (the 30-day minimum required by Rule 4(d)(1)(F)), and will file them upon receipt.

When the waivers of service are returned as agreed, the litigation should timely proceed according to the schedule provided for by Rule 4(d)(3): a "defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). Since the waiver requests were sent on August 4, the Defendants would have until October 3, 2011 to respond to the complaint.

AIM has appropriately pursued this litigation, including making on-going attempts to resolve the disputes without Court intervention and minimizing costs (Giza Decl. ¶ 6), and the Court should find good cause exists to allow this litigation to proceed as necessary to resolve the remaining disputes.

### III. CONCLUSION

For the foregoing reasons, the Court should find that AIM has appropriately pursued this litigation and that this action should not be dismissed without prejudice for want of prosecution.

| | |
|---|---|
| Dated: August 18, 2011 | Respectfully submitted, |
| | **RUSS AUGUST & KABAT** |
| | By: /s/ *Alexander C.D. Giza* |
| |       Alexander C.D. Giza |
| | |
| | Marc A. Fenster, State Bar No. 181067 |
| | Email: mfenster@raklaw.com |
| | Alexander C.D. Giza, State Bar No. 212327 |
| | Email: agiza@raklaw.com |
| | 12424 Wilshire Boulevard, 12th Floor |
| | Los Angeles, California  90025 |
| | Telephone:  (310) 826-7474 |
| | Facsimile:   (310) 826-6991 |
| | |
| | Attorneys for Plaintiff |
| | AIM IP, LLC |

# PROOF OF SERVICE VIA E-MAIL & U.S. MAIL

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

On **August 24, 2011** I caused to be served the foregoing document described as **PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE; DECLARATION OF ALEXANDER C.D. GIZA IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** on interested parties in this action.

☒ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SERVICE NAME/ADDRESS**

☒ BY MAIL

☐ I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY E-MAIL

☒ I e-mailed the above referenced document to the addressees listed on attached Service List.

☒ State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 24, 2011** at Los Angeles, California.

ANNE KIM

RUSS, AUGUST & KABAT

1

PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE

## SERVICE LIST

| | |
|---|---|
| David Goldstone<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, MA 02109<br>dgoldstone@goodwinprocter.com | Counsel for Grandstream Networks, Inc. |
| Jeff Snider<br>Shirley Paley<br>4 Technology Park Drive<br>Westford, MA 01886<br>jsnider@sonusnet.com<br>spaley@sonusnet.com | Counsel for Sonus Network, Inc. |
| Jason Anderson<br>3210 Porter Dr.<br>Palo Alto, CA 94304<br>jason.anderson@skype.net | Counsel for Skype Inc. |
| Tony Downs<br>Lana Shiferman<br>170 West Tasman Dr.<br>San Jose, CA 95134<br>jdowns@goodwinprocter.com<br>lshiferman@goodwinprocter.com | Counsel for Cisco Systems, Inc. |
| Ruth Orpwood<br>640 W. California Ave., Ste#100<br>Sunnyvale, CA-94086<br>Ruth.Orpwood@imgtec.com | Counsel for Hellosoft |

PLAINTIFF AIM IP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE